IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A. BUFORD, Inmate #B01500,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-602-GPM |
| | ) |
| **KAREN JONES, JAY MERCHANT,** | ) |
| **YOLONDA JHONSON, W. AUSTAN,** | ) |
| **G. WIGGS, MAILROOM SUPT.,** | ) |
| **TIM ELLIOTT, and ADMINISTRATIVE** | ) |
| **REVIEW BOARD,** | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

In addition to his original complaint, Plaintiff has filed two amended complaints in the action (Docs. 6 and 18). Because the second amended complaint (Doc. 18) appears to encompass all claims Plaintiff wishes to pursue, *the Court will evaluate the second amended complaint as the only complaint in the action, superseding the original and first amended complaints.*

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's second amended complaint into numbered counts, as shown below.

The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Jones and Austan for denial of access to courts.
>
> **COUNT 2:** Against Defendants Merchant, Elliott, and the Administrative Review Board for violations of due process in a disciplinary proceeding.
>
> **COUNT 3:** Against Defendants Jones, Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent for civil conspiracy.
>
> **COUNT 4:** Against Defendant Wiggs for denying Plaintiff access to the grievance process.
>
> **COUNT 5:** Against the unnamed mailroom superintendent for interference with Plaintiff's legal mail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

COUNT 1

Plaintiff states that Defendant Jones would not allow him to make copies of the Constitution or of other legal books while he was in the law library, and, later, when he was in segregation, he was not allowed copies or legal books. Plaintiff states that the denial of copies and books ultimately caused him to miss a filing deadline on his appeal in *Buford v. Old Country Buffet*, Case No. 1:04-CV-5538 (N.D. Illinois, filed August 23, 2004). Plaintiff states that Defendant Austan, by signing off on disciplinary tickets sending him to segregation, also prevented Plaintiff from going to the law library between July 16 and October 12, 2004.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268, *quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

Plaintiff here was not allowed to make copies of the Constitution and other legal books and was denied legal materials while in segregation. Plaintiff states that, as a result, he missed a filing deadline on an appeal of a case out of the Northern District of Illinois, *Buford v. Old Country Buffet*, Case No. 1:04-CV-5538 (N.D. Illinois, filed August 23, 2004). The Court has reviewed that case. Plaintiff's appeal was not dismissed for filing late or for failing to file some document, but for failing to pay the filing fee. Furthermore, the Court in that action granted a number of Plaintiff's requests for extensions of time to file documents because Plaintiff was in segregation. As such, Plaintiff has not shown actual substantial prejudice to pending litigation. Accordingly, Plaintiff has not stated a denial of access to courts upon these facts, and Count 1 is **DISMISSED with prejudice**. *See* 28 U.S.C. § 1915A.

## Count 2

Plaintiff states that Defendant Merchant signed off on a disciplinary ticket that was based on false information, and the Administrative Review Board found him guilty of a violation with which he was not charged. Defendant Elliott also was involved in finding Plaintiff guilty, but it is not clear from the complaint exactly how. Plaintiff does not include a copy of the adjustment committee report or the Administrative Review Board report, but he does state that he was disciplined with time in segregation. Plaintiff's allegations most closely resemble a claim of denial of due process in a disciplinary hearing.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her

confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff states he was sent to disciplinary segregation. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit; Count 2 is **DISMISSED with prejudice**. *See* 28 U.S.C. § 1915A.

### COUNT 3

Plaintiff states that Defendants Jones, Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent had been "plotting up ways thru illegal tickets and meetings to find ways to get me out of Vienna." The Court believes that Plaintiff is attempting to state a civil

conspiracy claim that Defendants were issuing false disciplinary tickets against him in an effort to have him transferred to another facility.

Civil conspiracy claims are cognizable under section 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Based on these legal standards, and the facts articulated by Plaintiff, the Court is unable to dismiss this claim at this point in the litigation.

## COUNT 4

Plaintiff states that Defendant Wiggs prevented him from filing grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff has failed to state a constitutional claim regarding his denial of access to the grievance process; Count 4 is **DISMISSED with prejudice**. *See* 28 U.S.C. § 1915A.

## COUNT 5

Plaintiff states that, between August and October 2004, the unnamed mail supervisor opened eight pieces of his legal mail outside of his presence, even after he filed a grievance regarding the opening of legal mail. Plaintiff states that he never received a court letter. Plaintiff does not specify

what type of legal mail was opened.

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S. Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). However, the inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990). Furthermore, "merely alleging an isolated delay or some other relatively short-term … disruption in the delivery of inmate reading materials will not support … a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782.

Plaintiff does state that one of the letters was from a court. The Seventh Circuit has rejected challenges to a federal regulation restricting incoming mail from courts, reasoning that:

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). This rationale is equally applicable to the Illinois Department of Corrections' practice at issue in the instant case. Therefore, Plaintiff's rights are not violated when official court mail is opened outside the presence of the inmate-recipient. *See Stone-El v. Fairman*, 785 F. Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

Because the Court cannot tell what type of legal mail Plaintiff alleges was opened outside of his presence, the Court cannot dismiss Count 5 at this point in the litigation.

There is a problem, however, with Plaintiff's statement of this claim. He does not mention by name the mailroom superintendent who allegedly opened his legal mail. While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Accordingly, Plaintiff will be allowed to proceed on Count 5 of the complaint, but Plaintiff must attempt to identify *by name* the mailroom superintendent responsible for opening his legal mail and specify what type of legal mail was opened.

### SUMMARY AND DISPOSITION

Plaintiff may proceed against Defendants Jones, Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent on Count 3 of the complaint and against the unnamed mail superintendent on Count 5 of the complaint. Counts 1, 2, and 4 are **DISMISSED** from the action, as is the Administrative Review Board as a defendant.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[1] The Clerk of Court is

---

[1] The Court's docket indicates that Plaintiff has already provided a USM-285 form for Defendant Jones.

**DIRECTED** to send Plaintiff **six (6)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Jones, Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the *second amended complaint* to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Jones, Austan, Merchant, Wiggs, Elliott, Jhonson, and the unnamed mail superintendent* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the unnamed mailroom superintendent until such time as Plaintiff has identified him or her by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to former employees of the Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute

arise), and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by

the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  10/12/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge